Brady Hicks, Jr. v. Tarrant County Sheriff's Department, et al.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-381-CV

BRADY HICKS, JR. APPELLANT

V.

TARRANT COUNTY SHERIFF’S APPELLEES 

DEPARTMENT, SHERIFF DEE 

ANDERSON, DEPUTY/JAILER LINGLE, 

DEPUTY/JAILER J. GARCIA, AND 

DEPUTY/JAILER PARKER

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Brady Hicks, Jr. is attempting to appeal the trial court's order dismissing defendant Sheriff Dee Anderson from the underlying lawsuit pursuant to Texas Tort Claims Act section 101.106(e).  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.106(e) (Vernon 2005).  Because this order is not an appealable interlocutory order, we will dismiss the appeal for want of jurisdiction.

On November 3, 2005, we notified Hicks of our concern that this court lacked jurisdiction over the appeal because the dismissal order does not dispose of all parties and issues in the case and does not appear to be a final, appealable interlocutory order.  
See id
.
 § 51.014 (Vernon Supp. 2005);
 Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 192-93 (Tex. 2001).  Additionally, we informed Hicks that the trial court had confirmed that no severance order had been signed severing his claims against Sheriff Dee Anderson from his claims against the other defendants.  We also informed Hicks that the appeal was subject to dismissal unless he or any party desiring to continue the appeal filed a response with this court showing grounds for continuing the appeal.  
See
 
Tex. R. App. P. 
42.3(a).  We received a response from Hicks stating that he desired for his appeal to continue, but he failed to show any grounds for continuing the appeal. 

Because the dismissal order is not a final judgment or an appealable interlocutory order, we dismiss this appeal for want of jurisdiction.  
See
 
Tex. R. App. P. 
42.3(a); 43.2(f).

PER CURIAM

PANEL D: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED: December 1, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.